**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> SUNEDISON, INC., *et al.*, <br><br> Reorganized Debtors.[1] | Chapter 11 <br><br> Case No. 16-10992 (DSJ) <br><br> (Jointly Administered) |
| DRIVETRAIN, LLC, IN ITS CAPACITY AS TRUSTEE OF THE SUNEDISON LITIGATION TRUST, <br><br> Plaintiff, <br><br> – against – <br><br> EXPEDITORS INTERNATIONAL, EXPEDITORS INTERNATIONAL INC., EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., AND EXPEDITORS INTERNATIONAL (UK) LTD., <br><br> Defendants. | Adv. Pro. No. 19-01110 (DSJ) |

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); EverStream HoldCo Fund I, LLC (9564); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE Minnesota Holdings, LLC (8926); SunE MN Development Holdings, LLC (5388); and SunE MN Development, LLC (8669); Terraform Private Holdings, LLC (5993); Hudson Energy Solar Corporation (3557); SunE REIT-D PR, LLC (5519); SunEdison Products, LLC (4445); SunEdison International Construction, LLC (9605); Vaughn Wind, LLC (4825); Maine Wind Holdings, LLC (1344); First Wind Energy, LLC (2171); First Wind Holdings, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two CityPlace Drive, 2nd floor, St. Louis, MO 63141.

# STIPULATION AND ORDER REGARDING
# CERTAIN UNCONTESTED FACTS AND ISSUES

**WHEREAS**, Drivetrain, LLC, in its capacity as trustee of the SunEdison Litigation Trust (the "**Plaintiff**") and Expeditors International of Washington, Inc. ("**EIW**"), and Expeditors International (UK) Ltd. ("**Expeditors UK**," and together with EIW, the "**Defendants**") hereby enter into this stipulation;

**WHEREAS**, the parties have agreed to enter into this stipulation to narrow the disputed facts and issues and streamline the pretrial proceedings in this adversary proceeding;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Plaintiff and Defendants, as follows:

1. With respect to the transfers identified in Exhibit B to the Plaintiff's Second Amended Complaint [Adv. Docket No. 24] (the "**SAC**") as having been made by "PVT Solar, Inc. DBA Echofirst, Inc." (the "**PVT Transfers**"), Plaintiff hereby forgoes and waives any claim that the PVT Transfers were fraudulent transfers. To the extent the PVT Transfers were made within the 90-day preference period, the PVT Transfers shall be deemed and treated as alleged preferential transfers identified on Exhibit A to the SAC.

2. The facts and information related to the payments (collectively, the "**Transfers**") set forth in Schedule 1 (Transfers in US dollars) and Schedule 2 (Transfers in UK pounds) attached hereto (together, the "**Schedules**"), which incorporate the agreement reflected in paragraph 1 above, are hereby stipulated and agreed to.

3. The following Debtors were insolvent as of September 1, 2015, through and including April 21, 2016: SunEdison, Inc., MEMC Pasadena, Inc., NVT, LLC, NVT Licenses, LLC, PVT Solar, Inc., Solaicx, and SunEdison Products Singapore Pte Ltd.

4. With respect to the following Transfers (all of which are identified as "Ex. A 2d

amended complaint"), the Defendants stipulate that each of the elements of section 547(b) (*i.e.*, the Plaintiff's case in chief) is satisfied, with the exception of section 547(b)(5) which is disputed: (a) the Transfers identified on Schedule 1 as "Ex. A 2d amended complaint"; and (b) the Transfers identified on Schedule 2.

5. The Plaintiff and the Defendants dispute whether, pursuant to Bankruptcy Code section 547(b)(5), the Transfers described in the immediately preceding paragraph enabled a Defendant to receive more than such Defendant would receive if:

    (a) the Debtor's case were a case under chapter 7 of the Bankruptcy Code;

    (b) the Transfer had not been made; and

    (c) such Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

6. PVT Solar, Inc. was EIW's customer with respect to the PVT Transfers that are identified in the Schedules as having been paid on account of invoices issued to SunEdison Residential Services, LLC.

7. The Plaintiff and the Defendants each reserve their respective rights on all matters related to the Transfers which are not specified in the Schedules or expressly specified in the body of this Stipulation, including the ownership of the funds used to pay the Transfers, other legal or beneficial interests in such funds, resulting trusts, and tracing with respect to the sources of such funds.

8. Each of the Transfers identified in the Schedules was made to or for the benefit of the Defendants.

9. The Plaintiff and the Defendants shall jointly ask this Court for the following:

    (a) Permission for the Defendants to file a motion for summary judgment or partial summary judgment on the following:

        (i) the Defendants' defense that the claims in this adversary

      proceeding are time-barred by the parties' alleged April 29, 2016 agreement; and

      (ii)    the elements of Section 547(b)(5) of the Bankruptcy Code;

      Plaintiff may cross-move for summary judgment or partial summary judgment with respect to either of the above issues (collectively, the "**Summary Judgment Motions**").

      (b)    a scheduling order for the submission of the Summary Judgment Motions, responses thereto, and replies; and

      (c)    deferral of expert discovery and any ruling on the parties' pending sanctions/discovery motions until after this Court rules on the Summary Judgment Motions.

**Agreed to and submitted by:**

| | |
|---|---|
| **BRENNAN SCUNGIO & KRESGE LLP** | **COLE SCHOTZ P.C.** |
| */s/ Thomas S. Hemmendinger* | */s/ Mark Tsukerman* |
| Thomas S. Hemmendinger | Daniel F.X. Geoghan |
| Lisa M. Kresge | Cameron A. Welch |
| 362 Broadway | Mark Tsukerman |
| Providence, RI 02909 | Arielle H. Wasserman |
| Telephone: (401) 453-2300 | 1325 Avenue of the Americas, 19th Floor |
| *Attorneys for Defendants* | New York, New York 10019 |
| | Telephone: (212) 752-8000 |
| | *Attorneys for Plaintiff* |

**BRESSLER AMERY & ROSS, P.C.**

*/s/ David H. Pikus*
David H. Pikus
17 State Street, 34th Floor
New York, NY 10004
Telephone: (212) 425-9300

*Attorneys for Defendants*

**IT IS SO ORDERED:**

Dated: New York, New York
       December 17, 2025

                                                  *s/ David S. Jones*
                                          Honorable David S. Jones
                                          United States Bankruptcy Judge